```
                IN THE UNITED STATES DISTRICT COURT
                            FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

TREVOR ROLLINS,                  :
                                 :
          Petitioner             :
                                 :
     v.                          :    CIVIL NO. 3:CV-15-1491
                                 :
SUPERINTENDENT KERESTES, ET AL., :    (Judge Conaboy)
                                 :
          Respondents            :



## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus was initiated by Trevor Rollins, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville). SCI-Frackville Superintendent Kerestes will be deemed the sole Respondent in this matter. Service of the Petition was previously ordered.

On February 29, 2008, Rollins was sentenced by the Court of Common Pleas of Northampton County, Pennsylvania to a three (3) year, six (6) month to ten (10) year term of imprisonment. He was granted parole by decision of the Pennsylvania Board of Probation and Parole (Parole Board) dated February 5, 2010.

On May 24, 2010, the favorable parole decision was rescinded after Rollins engaged in institutional misconduct. By decision dated December 28, 2010 the Petitioner was again granted parole. He was released from custody on April 7, 2011.

1

By decision dated May 1, 2012, Petitioner's parole was revoked for violating the conditions of his parole and he was recommitted to a state correctional facility. Rollins was denied parole on November 14, 2012, August 13, 2013, and June 20, 2014.

Following a March 12, 2015 interview with the Parole Board, Rollins was granted parole by decision dated April 27, 2015. The decision stated in relevant part that Petitioner was "reparoled to an approved plan upon condition that there are no misconducts." Two days later, the Parole Board was advised that Petitioner had engaged in prison misconduct after the March 12, 2015 interview and prior to the issuance of the favorable resulting decision on April 27, 2015.

Based upon that information, the conditional granting of parole was rescinded on June 3, 2015. Rollins' pending petition challenges the legality of the decision to rescind the earlier favorable parole determination.

In his pending action, Petitioner asserts that the granting of parole was improperly rescinded because it was based upon facts which arose prior to the granting of parole which should have been known by the Parole Board. See Doc. 1, p. 3. Rollins generally adds that it was customary for the Parole Board not to allow a single misconduct charge to adversely affect the granting of parole.

**Discussion**

**Exhaustion**

Respondent initially maintains that Petitioner is not entitled to federal habeas corpus relief because he failed to exhaust his available state court remedies. This argument is premised upon the assertion that the Commonwealth Court of Pennsylvania routinely entertains claims filed by inmates after a grant of parole is rescinded. See Doc. 4, p. 4.

Petitioner states that his failure to exhaust state remedies does not preclude review of his pending request for federal habeas corpus relief. See Doc. 1, p. 3.

An applicant pursuing a state habeas corpus claim in federal court must either show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the state courts, or that there is an absence of available state court corrective process, or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b).[1]

---

[1] Section 2254(b)(1) of title 28 U.S.C. provides:

> (b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii)

A Pennsylvania state inmate may appeal an adverse Parole Board decision to the Commonwealth Court. See Williams v. Wynder, 232 Fed. Appx. 177, 178 (3d Cir. 2007). However, in DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the Court of Appeals for the Third Circuit excused exhaustion with respect to an action alleging constitutional violations which occurred during a denial of parole.

In DeFoy, the Court of Appeals set forth important developments as to when, and if, a Pennsylvania state prisoner must seek state court review of a denial of parole. DeFoy held that a state prisoner challenging the denial of parole on constitutional grounds, other than for a violation of the Ex Post Facto Clause, was not required to exhaust state court remedies before pursuing federal habeas review.

Since the present petition does not raise an Ex Post Facto claim, DeFoy is clearly applicable to Rollins' present allegations. Accordingly, in accordance with the findings set forth in DeFoy, the request for dismissal on the basis of non-exhaustion will be denied.

**Denial of Parole**

Respondent's alternative argument for dismissal contends that "no federally protected liberty interest is implicated when an unexecuted grant of parole is rescinded." Doc. 4, p. 6

---

circumstances exist that render such
process ineffective to protect the rights
of the applicant.

4

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Furthermore, it has been held that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCi-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993).

However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id.

Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such

5

review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

There is no allegation that Rollins was denied parole on the basis of his race, religion, or ethnicity. Second, there is also no indication that the Parole Board applied any inappropriate criteria or non-relevant factors in rendering its decision to deny parole.

It is undisputed that Rollins was granted parole following a March 12, 2015 interview with the Parole Board which resulted in the issuance of a conditional, favorable decision dated April 27, 2015. The decision stated in relevant part that Petitioner was "reparoled to an approved plan upon condition that there are no misconducts." Doc. 4-2, ¶ 12. The conditional granting of parole was rescinded on June 3, 2015 because it was discovered that Petitioner had engaged in institutional misconduct prior to the issuance of the April 27, 2015 decision.

Petitioner admits that on March 13, 2015 he received a disciplinary charge alleging that he refused to obey and order, unauthorized use of the mail or telephone, and presence in an unauthorized are. See Doc. 1, Exhibit 1. Rollins acknowledges that he pled guilty to the unauthorized use of the telephone or mail charge and received a thirty (30) day loss of telephone privilege sanction. See Doc. 1, Exhibit B.

6

Clearly requiring the Petitioner to remain misconduct free was a permissible condition to place on his reparole eligibility, Since Petitioner admittedly failed to satisfy that condition prior to the April 27, 2015 issuance of the Parole Board's decision, it was appropriate for the conditional grant of parole to be rescinded.

**Conclusion**

There is simply no foundation to support a conclusion that the decision to deny parole was based on constitutionally impermissible reasons. Since Rollins' claim regarding the recission of his 2015 reparole application by the Parole Board does not rise to the level of a constitutional violation, his petition is subject to dismissal.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 13th, 2017